IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEAN EDDIS, on behalf of herself and all those similarly situated, | : | HON. JEROME B. SIMANDLE |
| | : | Civil No. 11-3923 (JBS/AMD) |
| Plaintiff, | : | |
| v. | : | **AMENDED OPINION** |
| MIDLAND FUNDING, L.L.C. and PRESSLER & PRESSLER, L.L.P., | : | |
| Defendants. | : | |

APPEARANCES:

Donald M. Doherty, Jr. Esq.
THE LAW OFFICE OF DONALD M. DOHERTY, JR.
125 North Route 73
West Berlin, NJ 08091
    Counsel for Plaintiff

Mitchell L. Williamson, Esq.
PRESSLER AND PRESSLER, L.L.P.
7 Entin Road
Parsippany, NJ 07954
    Counsel for Defendant Pressler & Pressler, L.L.P.

**SIMANDLE**, Chief Judge:

## I.   INTRODUCTION

Plaintiff Jean Eddis filed this putative class action against two Defendants, Pressler and Pressler, L.L.P. and Midland Funding L.L.C., alleging that the debt-collection letter she received from Defendants was deceptive, unfair and confusing under 15 U.S.C. § 1692, et seq., the Fair Debt Collection Practices Act ("FDCPA" or "the Act").  Defendant Midland Funding

and Plaintiff have previously entered into a joint stipulation of dismissal as to Midland Funding.  [Docket Item 19.]

Presently before the Court is the motion to dismiss of Defendant Pressler and Pressler, L.L.P. ("Pressler" or "Defendant").  [Docket Item 14.]  The principal issues to be decided are whether Defendant's debt collection letter (1) overshadowed or contradicted the debt validation provisions mandated by section 1692g, or (2) falsely represented or implied that the debt collection letter was sent from an attorney in violation of section 1692e.  Because, in part, the Court has determined that the letter violates neither of these provisions, as explained in greater detail below, the Court will dismiss Plaintiff's claims against Defendant Pressler and Pressler.

## II.  BACKGROUND

The following are taken from the Complaint and indisputably authentic documents that form the basis of the claims; the following facts are assumed to be true for the purposes of this Opinion.  Goldenberg v. Indel, Inc., 741 F. Supp. 2d 618, 624 (D.N.J. 2010).  Plaintiff is an individual who resides in Haddon Township, Camden County, New Jersey.  Compl. ¶ 1.  Defendant Pressler is a New Jersey law firm.  Compl. ¶ 10.  On February 24, 2011, Defendant sent a letter to Plaintiff seeking to recover a debt she owed to Midland Funding, L.L.C. on a credit card obligation Midland Funding purchased from First National Bank of

Omaha.  Def's Brief in Supp. of Mot. to Dismiss Ex. A; Compl. ¶¶

5-7, 12.  The letter was presented on Defendant's law firm

letterhead but it was unsigned.  Compl. ¶ 13; Williamson Cert.,

Ex. A.  The letter, after referencing Plaintiff's name, account

and information, states as follows:

> We shall afford you this opportunity to pay this debt
> immediately and avoid further action against you. Make
> your check or money order payable to Pressler and
> Pressler, LLP and include your File Number [] and remit
> to:
>
> Pressler and Pressler, LLP 7 Entin Rd. Parsippany, NJ
> 07054-5020
>
> Payment can be made on the website www.paypress1er.com.
> We also accept Visa/Mastercard and American Express. If
> you choose this payment option return this letter along
> with:
>
> Name as it appears on Credit Card / Street # & Zip /
> Expires / Credit Card # / Security Code / Amount /
> Signature
>
> If you are unable to pay the balance in full and would
> like to discuss payment arrangements, please contact us
> at (888) 312-8600.
>
> At this time, no attorney with this firm has personally
> reviewed the particular circumstances of your account.
> However, if you fail to contact this office, our client
> may consider additional remedies to recover the balance
> due.
>
> PLEASE READ THE FOLLOWING PROVIDED TO YOU PURSUANT TO
> FEDERAL STATUTE:
>
> This communication is from a debt collector. This is an
> attempt to collect a debt. Any information obtained will
> be used for that purpose. Unless you notify this office
> within 30 days after receipt of this notice that you
> dispute the validity of the debt, or any portion thereof,
> this office will assume this debt is valid. If you notify
> this office in writing within 30 days from receipt of

> this notice that the debt or any portion thereof is
> disputed, this office will obtain verification of the
> debt or obtain a copy of a judgment and mail you a copy
> of such judgment or verification. Upon your request in
> writing, within 30 days after receiving this notice, this
> office will provide you with the name and address of the
> original creditor, if different from the current
> creditor.

Def's Brief in Supp. of Mot. to Dismiss Ex. A.

On July 7, 2011, Plaintiff filed a complaint with this Court against Defendants Pressler and Midland Funding. [Docket Item 1] On November 14, 2011, Defendant Midland Funding and Plaintiff entered into a joint stipulation of dismissal as to Midland Funding. [Docket Item 19.] Plaintiff alleges that Defendant Pressler's debt collection practices violated sections 1692e and 1692g of the FDCPA, as well as the New Jersey Rules of Professional Conduct. Compl. ¶¶ 13-22. Defendant Pressler subsequently filed the motion to dismiss that is presently before the Court.

## III. DISCUSSION

### A.    Standard of Review

To give a defendant fair notice, and permit early dismissal if the complained-of conduct does not provide adequate grounds for the cause of action alleged, a complaint must allege, in more than legal boilerplate, those facts about the defendant's conduct giving rise to liability. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Fed.R.Civ.P. 8(a) and 11(b)(3). These factual allegations must present a plausible basis for relief

4

(i.e., something more than the mere possibility of legal misconduct, and more than mere conclusory allegations).  See Ashcroft v. Iqbal, 556 U.S. 662, --, 129 S.Ct. 1937, 1951 (2009).

In its review of a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004).

## B.   Fair Debt Collection Practices Act

### 1.   Statutory Background

Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).  Congress was concerned that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy."  Id.  The purpose of the Act, Congress explained, was not only to eliminate abusive debt collection

practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." <u>Id.</u> § 1692(e).  After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act.  <u>Id.</u> § 1692k.

       2.  <u>"Least Sophisticated Debtor"</u>

Because the FDCPA is a remedial statute, the Third Circuit has instructed courts to "construe its language broadly so as to effect its purpose." <u>Lesher v. Law Offices of Mitchell N. Kay, PC</u>, 650 F.3d 993, 997 (3d Cir. 2011) (citing <u>Brown v. Card Serv. Ctr.</u>, 464 F.3d 450, 453 (3d Cir. 2006)).  Accordingly, communications from lenders to debtors are analyzed from the perspective of the "least sophisticated debtor." <u>Brown</u>, 464 F.3d at 454.  "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." <u>Id.</u> at 453 (quoting <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318 (2d Cir. 1993)).  "'Laws are made to protect the trusting as well as the suspicious.'" <u>Id.</u> (quoting <u>Federal Trade Comm'n v. Standard Educ. Soc'y</u>, 302 U.S. 112, 116 (1937)).

The Third Circuit therefore has noted that although the "'least sophisticated debtor' standard is a low standard, it

'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" <u>Lesher</u>, 650 F.3d at 997 (quoting <u>Wilson v. Quadramed Corp.</u>, 225 F.3d 350, 354-55 (3d Cir. 2000)). "Even the least sophisticated debtor is bound to read collection notices in their entirety." <u>Campuzano-Burgos v. Midland Credit Mgmt.</u>, 550 F.3d 294, 299 (3d Cir. 2008).

      3.  <u>Debt Validation Provisions</u>

Defendant seeks to dismiss Plaintiff's claims alleging violations of section 1692g(a) because "the collection letter does not emphasize one option over the other . . . and does not overshadow or contradict the statutorily required validation notice." Def's Brief in Supp. of Mot. to Dismiss 10.

Under the section 1692g(a) of the FDCPA a debt collector must include the following information in a debt collections letter to a consumer:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request

> within the thirty-day period, the debt collector will
> provide the consumer with the name and address of the
> original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).  See also Ardino v. Lyons, Doughty &

Veldhuis, P.C., Civ. No. 11-848, 2011 WL 6257170, at *4 (D.N.J.

Dec. 14, 2011) (quoting statute).  "Paragraphs three, four, and

five of Section 1692g(a) comprise what is known as 'the

validation notice--the statements that inform the consumer how to

obtain verification of the debt and that [the consumer] has

thirty days in which to do so.'"  Ardino, 2011 WL 6257170, at *4

(quoting Wilson, 225 F.3d at 353-54).  "[T]he debt validation

provisions of section 1692g were included by Congress to

guarantee that consumers would receive adequate notice of their

rights under the law."  Wilson, 225 F.3d at 354.

Therefore, "compliance with the requirements of Section

1692g necessitates more 'than mere inclusion of the statutory

debt validation notice in the debt collection letter--the

required notice must also be conveyed effectively to the

debtor.'"  Ardino, 2011 WL 6257170, at *4 (quoting Wilson, 225

F.3d at 354); see also Graziano v. Harrison, 950 F.2d 107, 111

(3d Cir. 1991).  Thus, a debt collector can violate § 1692g if it

sends a debtor a qualifying letter that contains the statutorily-

required validation notice, but that notice is contradicted or

overshadowed by other, perhaps more prominent, content of the

letter.

i.   <u>Analysis</u>

Plaintiff claims that the February 24, 2011 letter she received from Defendant was in violation of the FDCPA because it overshadowed or contradicted the required validation notice under section 1692g(a).  Compl. ¶¶ 14-16.  Additionally, Plaintiff claims that the letter violates section 1692e of the FDCPA, which prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.

Specifically, Plaintiff alleges that Defendant's "letter creates a sense of urgency," because Defendant is a law firm, and "that the debt be paid 'immediately.'"  Compl. ¶¶ 14-16.  This language, Plaintiff argues, "overshadows" the validation notice containing "a 30 day right to dispute the debt," as well as "confuses and/or misleads" Plaintiff as to that right.  Compl. ¶¶ 14-16.  Plaintiff also claims that the structure and font of the validation notice "offsets and subordinates the validation rights," thus, overshadowing them.  Pl's Brief in Opp. to Defs' Mot. 9.

Defendant argues that Plaintiff's alleged "'urgency' presented by the . . . collection letter by and through (1) a demand to 'pay this debt immediately' and (2) use of the word 'immediately'" does not overshadow or contradict the validation notice.  Def's Brief in Supp. of Mot. to Dismiss 6.

9

In <u>Wilson</u>, the Third Circuit concluded that the collection letter at issue was not deceptive under section 1692g. <u>Wilson</u>, 225 F.3d at 351-52.  The letter in <u>Wilson</u>, sent by a non-law firm corporation, began: "Our client has placed your account with us for immediate collection.  <u>We shall afford you the opportunity to pay this bill immediately and avoid further action against you</u>."[1] <u>Id.</u> at 352 (emphasis added).  Two paragraphs later, the debt-validation notice required by section 1692g was furnished: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."[2] <u>Id.</u>  The Third Circuit "determined that the opening paragraphs of the letter did not 'overshadow[] or contradict[] the validation notice such that the least sophisticated debtor would be confused . . . [about] his rights.'"  <u>Rosenau v. Unifund Corp.</u>, 539 F.3d 218, 222 (3d Cir. 2008) (quoting <u>Wilson</u>, 225 F.3d at 353).  The court held that the letter presented the debtor with the option

---

[1]    Compare the disputed language in <u>Wilson</u> with the disputed language at issue in this case: "We shall afford you this opportunity to pay this debt immediately and avoid further action against you."  Def's Brief in Supp. of Mot. to Dismiss Ex. A.

[2]    Again, compare the validation notice in <u>Wilson</u> with the validation notice at issue in this case: " Unless you notify this office within 30 days after receipt of this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid."  Def's Brief in Supp. of Mot. to Dismiss Ex. A.

to "(1) . . . pay the debt immediately and avoid further action, or (2) notify [the collection agency] within thirty days . . . that he disputes the validity of the debt." Wilson, 225 F.3d at 356. Furthermore, the court held that the letter did not "'emphasize one option over the other' or encourage the debtor to waive his right to contest the debt." Rosenau, 539 F.3d at 222 (quoting Wilson, 225 F.3d at 356). Thus, the Third Circuit held that "the letter could not be reasonably read to have two or more different meanings and it was not deceptive under 15 U.S.C. § 1692g." Id.

Additionally, the Third Circuit held that the "physical characteristics and form of the letter" did not overshadow or contradict the validation notice in Wilson. Wilson, 225 F.3d at 356. "The court acknowledged that the validation provisions were found in the body of the letter, on the front page of the letter, . . . [and] was printed in the 'same font, size and color type-face.'" Panto v. Prof'l Bureau of Collections, Civ. No. 10-4340, 2011 WL 843899, at *3 (D.N.J. Mar. 7, 2011) (quoting Wilson, 225 F.3d at 356).

Here, a review of the physical characteristics of the debt collection letter reveals that the required validation notice is on the front of the letter, and, contrary to Plaintiff's claim, is of the same font, size, and format as the rest of the letter. See Def's Brief in Supp. of Mot. to Dismiss Ex. A. In Panto v.

11

<u>Professional Bureau of Collections</u>, the court noted that:

> Although the validation provision appears in a separate paragraph after the signature line, and thus technically outside the body of the letter, its importance is not minimized by its placement in the letter.  No emphasis is placed on any particular statement in the letter: the letter does not include any bold-faced text; no statements are typed in all-capital letters (aside from the Plaintiff's address at the top of the letter); and, no one section of the letter is sized differently than any other.  If anything, the conditional language ("Unless you notify this office within 30 days") and placement of the validation provision right after the signature line gives it slightly greater aesthetic emphasis than the rest of the letter.

<u>Panto</u>, 2011 WL 843899, at *3.  Here, the validation notice is in precisely the same position as the validation notice in <u>Panto</u>, except that in the present case it appears in the body of the text, which has no signature line.  <u>See</u> Def's Brief in Supp. of Mot. to Dismiss Ex. A.  Moreover, the collection letter in <u>Panto</u> did not contain any bold-face text; here, preceding the validation provision is a bold-faced, all-capital cautionary statement that reads: "PLEASE READ THE FOLLOWING PROVIDED TO YOU PURSUANT TO FEDERAL STATUTE."  <u>See</u> Def's Brief in Supp. of Mot. to Dismiss Ex. A.  Thus, such an emphatic statement gives even greater prominence to the subsequent validation notice than was the case in <u>Panto</u>.

Plaintiff further argues that the following provision in the letter overshadows or contradicts the validation provision in violation of the FDCPA: "We shall afford you this opportunity to pay this debt immediately and avoid further action against you.

Make your check payable to Pressler and Pressler . . ."  Def's
Brief in Supp. of Mot. to Dismiss Ex. A.  Plaintiff argues that
the word "immediately" is contradictory or overshadows the
validation statement.  Compl. ¶¶ 14-16.  In <u>Wilson</u>, the plaintiff
was presented with two options, "(1) an opportunity to pay the
debt immediately and avoid further action, or (2) notify [the
collector] within thirty days after receiving the collection
letter that he disputes the validity of the debt."  <u>Wilson</u>, 225
F.3d at 356.  Here, Plaintiff claims that she was presented with
three options: (1) "Pay in full immediately," (2) "Pay over
time," or (3) "Dispute the debt."  Pl's Brief in Opp. to Def's
Mot. 10.  Plaintiff thus argues that because Defendant's
collection letter presents three options, rather than two, as in
<u>Wilson</u>, and provides no explanation between the options, it
overshadows the validation provision and is unfair.  Pl's Brief
in Opp. to Def's Mot. 10-12.  The Third Circuit found, though,
that the collection letter in <u>Wilson</u> did "not emphasize one
option over the other, or suggest that Wilson forego the second
option in favor of immediate payment."  <u>Wilson</u>, 225 F.3d at 356.
There was no explanation needed; the court held that it "did not
believe the least sophisticated debtor would interpret [the
clause--]'afford you the opportunity to pay this bill
immediately'[--]as a demand for payment in less than thirty days,
especially since this 'opportunity' is followed, almost

immediately, by the required notice to dispute the debt."  Id. at
357.

Thus, analogous to Wilson, the disputed language at issue
here does not induce the least sophisticated debtor to overlook
his statutory rights to dispute the debt within thirty days.  The
addition of a third option for the Plaintiff to negotiate a
payment plan does nothing to increase the confusion or overshadow
the option to dispute the debt; it is a milder variant of the
"immediate payment" option.  The Court finds that the least
sophisticated debtor is capable of considering three options in
addition to merely two, when described with the clarity presented
here.  Therefore, the Court will grant Defendant's motion to
dismiss with respect to Plaintiff's section 1692g(a) claims.

4.   Attorney Involvement Disclaimer

Defendant also seeks to dismiss Plaintiff's claims alleging
a violation of section 1692e because the "least sophisticated
debtor would not be misled as to attorney involvement."  Def's
Brief in Supp. of Mot. to Dismiss 17.  Plaintiff argues that the
disclaimer--"[a]t this time, no attorney with this firm has
personally reviewed the particular circumstances of your
account"--has been deemed a violation of the FDCPA by the Third
Circuit and is misleading.  Specifically, Plaintiff argues that
Defendant's letter, printed on letterhead of a law firm, despite
the presence of the disclaimer, violates the prohibition of §

14

1692e(3), which makes it a violation of the FDCPA to create
"[t]he false representation or implication that any individual is
an attorney or that any communication is from an attorney."  15
U.S.C. § 1692e(3).

The Third Circuit analyzed the application of section 1692e
of the FDCPA to debt collection letters from attorneys in Lesher
v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993 (3d Cir.
2011).  In its analysis, the court cited numerous cases from
other circuits that have dealt with the issue of an attorney
involvement disclaimer.  In Clomon v. Jackson, the "Second
Circuit held that the use of the attorney's letterhead and his
signature on the collection letters was sufficient to give the
debtor the false impression that the letters were communications
from an attorney in violation of section 1692e(3)."  Lesher, 650
F.3d at 999 (citing Clomon, 988 F.2d at 1320).  The Clomon court
noted that the letters "were false and misleading because they
were not 'from' the attorney in any meaningful sense of the
word."  Id. (citing Clomon, 988 F.2d at 1320).  There was very
little to no degree of attorney involvement in reviewing debtors'
files.  Id. (citing Clomon, 988 F.2d at 1320).  The Second
Circuit held that "some degree of attorney involvement is
required before a letter will be considered 'from an attorney'
within the meaning of the FDCPA."  Id. (citing Miller v. Wolpoff
& Abramson, L.L.P., 321 F.3d 292, 301 (2d Cir. 2003)).

15

The <u>Lesher</u> court also discussed <u>Avila v. Rubin</u>, 84 F.3d 222
(7th Cir. 1996), a Seventh Circuit case similar to <u>Clomon</u>.
There, the Seventh Circuit noted that "an attorney sending a
collection letter must be directly . . . involved . . . in order
to comply with the strictures of the FDCPA" and proffer that the
letter is "from" an attorney.  <u>Lesher</u>, 650 F.3d at 1000 (quoting
<u>Avila</u>, 84 F.3d at 229).  The Seventh Circuit explained that:

> An unsophisticated consumer, getting a letter from an
> "attorney," knows the price of poker has just gone up.
> And that clearly is the reason why the dunning campaign
> escalates from the collection agency, which might not
> strike fear in the heart of the consumer, to the
> attorney, who is better positioned to get the debtor's
> knees knocking.

<u>Id.</u> at 1000 (quoting <u>Avila</u>, 84 F.3d at 229).

However, certain courts have recognized that a debt
collection letter that was not reviewed by a lawyer and sent on
law firm letterhead might not fall afoul of § 1692e(3), provided
that the letter contains a satisfactory disclaimer.  The Second
Circuit, after <u>Clomon</u>, for example, "explain[ed] that an
attorney, acting as a debt collector, could avoid liability by
including a clear and prominent disclaimer in the collection
letter."  <u>Lesher</u> at 1000 (citing <u>Greco v. Trauner, Cohen &
Thomas, LLP</u>, 412 F.3d 360 (2d Cir. 2005)).  The collection letter
sent by a law firm at issue in the Second Circuit case of <u>Greco</u>
included the disclaimer that, '[a]t this time, no attorney with
this firm has personally reviewed the particular circumstances of

16

your account.'"[3] <u>Greco</u>, 412 F.3d at 365.  The Second Circuit in

<u>Greco</u> held that because of the inclusion of this disclaimer, "the

defendant law firm had not made a 'false representation or

implication that any individual is an attorney or that any

communication is from an attorney with meaningful involvement as

an attorney in the debtor's case.'"  <u>Lesher</u>, 650 F.3d at 1001

(quoting <u>Greco</u>, 412 F.3d at 365).  Therefore,

> an attorney can, in fact, send a debt collection letter
> without being meaningfully involved as an attorney within
> the collection process, so long as that letter includes
> disclaimers that should make clear even to the "least
> sophisticated consumer" that the law firm or attorney
> sending the letter is not, at the time of the letter's
> transmission, acting as an attorney.

<u>Greco</u>, 412 F.3d at 364.

Contrary to <u>Greco</u>, though, the Third Circuit in <u>Lesher</u> held

that "the [disclaimer] statement, [located on the back of the

letter], that '[a]t this point in time, no attorney with this

firm has personally reviewed the particular circumstances of your

account' [did] little to clarify the [defendant law firm's] role

in collecting the debt because it completely contradicts" the

body of the "message sent on the front of the collection

letters--that the creditor retained a law firm to collect the

debt."  <u>Lesher</u>, 650 F.3d at 1003.  The <u>Lesher</u> Court "recognize[d]

_____

[3]     Compare the disputed language in <u>Greco</u> with the
disputed language at issue in this case: "At this time, no
attorney with this firm has personally reviewed the particular
circumstances of your account."  Def's Brief in Supp. of Mot. to
Dismiss Ex. A.

that the Second Circuit held in <u>Greco</u> that" similar language in a "disclaimer sufficiently explained the limited role that attorneys played in collecting the plaintiff's debt." <u>Id.</u> at 1003 n.11 (citing <u>Greco</u>, 412 F.3d at 366).  Unlike the collection letter in <u>Greco</u> however, where "the disclaimer was part of the body of the text on the front page," the <u>Lesher</u> collection letters' disclaimer "was printed on the back of the letters." <u>Id.</u> at 1002, 1003 n.11 (citing <u>Greco</u>, 412 F.3d at 366).  Thus, the court was "not convinced that this disclaimer . . . effectively mitigated the impression of attorney involvement." <u>Id.</u> at 1003 n.11 (citing <u>Greco</u>, 412 F.3d at 366).

Here, the disclaimer mirrors the <u>Greco</u> and <u>Lesher</u> disclaimers verbatim, and appears on the front of the letter, in the body of the text, in the same font. <u>See</u> Def's Brief in Supp. of Mot. to Dismiss Ex. A.  Plaintiff argues that <u>Lesher</u> deems such a disclaimer as an automatic FDCPA violation.  Pl's Brief in Opp. to Def's Mot. 12.  As Defendant correctly argues, however, the Third Circuit distinguished the <u>Lesher</u> disclaimer from the <u>Greco</u> disclaimer based on its placement.

The Court recognizes that the <u>Lesher</u> court believed that the collection letters conveyed the potentially confusing message that "the creditor retained a law firm to collect the debt." <u>Lesher</u>, 650 F.3d at 1003.  But the <u>Lesher</u> court held that this message potentially could have been (but in that case was not)

18

clarified by the disclaimer, at least in part because the
disclaimer was printed on the back of the letter.  By contrast,
in the instant case, by printing the disclaimer on the front, the
Court finds that Defendant Pressler sufficiently clarified any
potential confusion on this score noted by the Lesher court.

> Furthermore, as Judge Walls in this District noted,

> When an attorney sends a debt collection letter to the
> least sophisticated debtor, the question in the debtor's
> mind is whether the attorney has in fact reviewed his
> account or to what degree.  To answer that question, the
> letter should state simply that no attorney has reviewed
> the debtor's account or if an attorney has reviewed that
> account, to what degree.  In Greco, the defendants
> communicated [just that] in simple and unequivocal terms
> that "at this time, no attorney with this firm has
> personally reviewed the particular circumstances of your
> account."

Smith v. Harrison, Civ. No. 07-4255, 2008 WL 2704825, at *3
(D.N.J. July 7, 2008) (quoting Greco, 412 F.3d at 365) (emphasis
added).  The Smith court held that the defendant law firm's
disclaimer--"YOU ARE HEREBY ADVISED THAT THIS COMMUNICATION IS
NOT INTENDED TO IMPLY THAT AN ATTORNEY HAS REVIEWED THE DETAILS
OF YOUR ACCOUNT"--was "written in legalese" and that it was
ambiguous such that "the least sophisticated debtor could believe
that an attorney has reviewed the debtor's account."  Id. at *4.
Thus, the court held that because the defendant in Smith had not
"communicated in simple and unequivocal terms," as was done in
Greco, the question regarding the degree of attorney involvement
was insufficiently answered, and the disclaimer was not

sufficient.  <u>Id.</u>

Here, Defendant's disclaimer--"[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account"--is precisely the disclaimer that the <u>Smith</u> court noted would have been sufficient to answer a least sophisticated debtor's question of "whether the attorney has in fact reviewed his account and to what degree."  <u>Id.</u> Additionally, since Defendant's disclaimer appears on the front of the letter, in the body of the text and in the same font, Defendant has not made a false representation or implication that the letter is from an attorney with meaningful involvement as an attorney in the debtor's case.

Thus, the Court finds that the least sophisticated debtor would not believe that Defendant's collection letter gave an impression that it was a communication from an attorney in violation of section 1692e(3).  Therefore, the Court will grant Defendant's motion to dismiss with respect to Plaintiff's section 1692e claims.

**C.   Rules of Professional Conduct**

Finally, Plaintiff argues that Defendant's collection letter "could never properly be sent by an attorney abiding by New Jersey's [Rules of Professional Conduct]"; that the "practice of sending letters while disclaiming any knowledge of the matter" violates the Rules of Professional Conduct and subsequently

violates section 1692e of the FDCPA.  Pl's Brief in Opp. to Defs'
Mot. 14-15.  As Plaintiff admits though, the <u>Smith</u> court "flatly
refused to address the ethics-violation-as-proof-of-an-FDCPA
violation."  Pl's Brief in Opp. to Defs' Mot. 16 n.5.
Specifically, the <u>Smith</u> court noted that the debtor in that case
"argue[d] that under general, ethical obligations for attorneys,
attorneys 'cannot disclaim their obligations to adequately assess
facts and circumstances before acting.'"  <u>Smith</u>, 2008 WL 2704825,
at *4 n.1. The <u>Smith</u> court explained that "[t]his argument is not
supported by case law" and thus was not further addressed by the
court.  <u>Id.</u>

Furthermore, a court in this District has persuasively
addressed the issue of whether "the unauthorized practice of law"
and alleged violations of the Rules of Professional Conduct
"state a cause of action for use of unfair and unconscionable
means to collect debt," in violation of the FDCPA.  <u>Cohen v.
Wolpoff & Abramson, L.L.P.</u>, Civ. No. 08-1084, 2008 WL 4513569, at
*6-8 (D.N.J. Oct. 2, 2008).  In <u>Cohen</u>, the plaintiff argued that
the defendant attorneys violated New Jersey's Rules of
Professional Conduct through the unauthorized practice of law.
<u>Cohen</u>, 2008 WL 4513569, at *6.  The plaintiff argued that such a
violation created a cause of action under section 1692e of the
FDCPA.  <u>Id.</u>  The <u>Cohen</u> court explained that the FDCPA "does not
additionally require that the attorney conform to a particular

21

state's rules of professional conduct." Id. at *7.  Responding

to the plaintiff's argument, the court stated that "[t]he

regulation of the practice of law is a matter of concern to the

states which regulate it.  Plaintiff here seeks to import this

matter of concern to the states--state-specific rules of attorney

discipline--into federal legislation." Id.  The court went on to

note that "the stated purpose of Congress in enacting the FDCPA .

. . [provides] nothing . . . that suggests that Congress included

within the scope of abusive practices" the unauthorized practice

of law.  Id.  The Cohen court also cited "District courts in

other jurisdictions [which] have concluded that unauthorized

practice of law claims are not cognizable under the FDCPA." Id.

at *8 (citing Lavender v. Wolpoff & Abramson, L.L.P., Civ. No.

07-0015, 2007 WL 3244189 (W.D. Mo. Nov. 1, 2007) (claim for

unauthorized practice of law not cognizable under FDCPA);

Anderson v. Gamache & Myers, P.C., No. Civ. 4:07-336, 2007 WL

1577610 (E.D. Mo. May 31, 2007) (same); Reade-Alvarez v. Eltman,

Eltman & Cooper, PC, 369 F. Supp. 2d 353, 361 (E.D.N.Y. 2005)

(same); Bass v. Arrow Fin. Servs. L.L.C., Civ. No. 01-8595, 2002

WL 1559635 (N.D. Ill. July 15, 2002) (same)).

Moreover, in Baxt v. Liloia, 155 N.J. 190, 198-99 (1998),

the New Jersey Supreme Court clearly stated that a breach of the

Rules of Professional Conduct does not give rise to an

independent cause of action in general.  The court explained that

22

"[t]he disciplinary rules serve purposes that are substantially different from those of an individual litigant in a civil action." <u>Baxt</u>, 155 N.J. at 202.  "The Rules of Professional Conduct are intended to regulate attorney conduct, not to create civil liability."  <u>Cohen</u>, 2008 WL 4513569, at *8 (citing <u>Baxt</u>, 155 N.J. at 202).

As the <u>Cohen</u> court held, "it would run counter to the policies underlying the Rules of Professional Conduct" to recognize the causes of action that were asserted in <u>Cohen</u> and which Plaintiff asserts here.  <u>Cohen</u>, 2008 WL 4513569, at *8.

Thus, the Court concludes that Plaintiff's claims for violations of the Rules of Professional Conduct do not state a cause of action for use of unfair and unconscionable means to collect debt or misrepresentations in violation of the FDCPA. Therefore, the Court will grant Defendant's motion to dismiss with respect to Plaintiff's claim that through professional ethics violations, Defendant violated the FDCPA.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to dismiss Plaintiff's claims against it.  The accompanying Order will be entered.


<u>February 28, 2012</u>                  <u>    s/ Jerome B. Simandle    </u>
Date                                 JEROME B. SIMANDLE
                                     Chief United States District Judge

23